T.C. Summary Opinion 2011-137


UNITED STATES TAX COURT


ABDELRAHMAN RABIE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2390-10S.          Filed December 12, 2011.


Abdelrahman Rabie, pro se.

Timothy B. Heavner, for respondent.


DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue,

and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $11,987 for 2005. Respondent also determined for 2005 an addition to tax for failure to file timely under section 6651(a)(1) of $395.77 and an addition to tax for failure to pay timely under section 6651(a)(2) of $351.80.

The parties agree that petitioner has overpaid his Federal income tax for 2005. After other concessions by the parties, the only issue for decision is whether petitioner is entitled to a refund or credit of Federal income tax for 2005.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. Petitioner resided in Virginia when the petition was filed.

## Background

Petitioner requested on an undated Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, and was granted an extension of time to file his 2005 Federal income tax return until October 15, 2006. On Form 4868 he estimated his total tax liability for 2005 to be $8,320 and his total 2005 payments as $10,229. The "Balance due" to the Internal Revenue Service (IRS), shown on line 6 of the Form 4868,

should be obtained by subtracting total payments from the total estimated tax liability.  Petitioner wrote "$1,909" on line 6.

Petitioner sent the IRS a letter dated September 23, 2008, in which he apologized for the "delay" in filing his Federal income tax returns for 2005 and 2006.  He requested in the letter a further extension of time, until December 31, 2008, to file his returns and stated that "I had [sic] always received refunds and I know that it will be the same for the [sic] 2005 and 2006."

Respondent mailed petitioner the notice of deficiency in this case on October 26, 2009.

The parties agree that before October 15, 2009, petitioner made no formal claim for refund on a Form 1040, U.S. Individual Income Tax Return, or a Form 1040X, Amended U.S. Individual Income Tax Return, for taxable year 2005.  IRS records indicate that on February 1, 2010, a return for 2005 was filed for petitioner.  On September 20, 2010, petitioner mailed the IRS a "corrected" return for 2005.  The parties agree that with the "corrected" return petitioner has now filed an accurate Form 1040 for 2005.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  In some

cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). As there is no dispute as to a factual issue in this case, section 7491(a) is not applicable.

A taxpayer seeking a refund of overpaid taxes ordinarily must file a timely claim for a refund with the IRS that meets the requirements of section 6511. That section contains two separate provisions for determining the timeliness of a refund claim: The taxpayer must file a claim for a refund "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." Sec. 6511(a)(1).

Section 6511 also defines two "lookback" periods: if the claim is filed "within 3 years from the time the return was filed", then the taxpayer is entitled to a refund of the portion of the tax paid within the 3 years immediately preceding the filing of the claim plus the period of any extension of time for filing the return. Sec. 6511(b)(2)(A). If the claim is not filed within that 3-year period, then the taxpayer is entitled to a refund of only that "portion of the tax paid during the 2 years immediately preceding the filing of the claim." Sec. 6511(b)(2)(B). If no claim has been filed the refund cannot exceed the amount that would be allowable under section

6511(b)(2)(A) or (B) if a claim was filed on the date the refund is allowed.  Sec. 6511(b)(2)(C).

Petitioner argues that either his undated Form 4868 or his previously described September 23, 2008, letter to respondent was an informal claim for refund within the prescribed time limits of section 6511.

The purpose of a claim for refund is to put the Commissioner on notice that the taxpayer is asserting a right with respect to an overpayment of tax.  Newton v. United States, 143 Ct. Cl. 293, 163 F. Supp. 614, 618 (1958).  The Supreme Court has held that a taxpayer's notice to the IRS that fairly advises it of the nature of the taxpayer's claim which the IRS could reject because it is too general or because it does not comply with the formal requirements of the statute and regulations issued thereunder will still be treated as a claim where the defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period.  United States v. Kales, 314 U.S. 186, 194 (1941) (and cases cited thereat).

Each case must be decided on its own facts and circumstances in determining whether the IRS should have focused attention on the merits of the "particular dispute" raised by the informal claim.  Angelus Milling Co. v. Commissioner, 325 U.S. 293, 297 (1945).  It is not enough, however, that the facts supporting the claim reach the IRS in some "roundabout" fashion.  Id.  "The

evidence should be clear that the Commissioner understood the specific claim that was made even though there was a departure from form in its submission." Id. at 297-298.

In Kaffenberger v. United States, 314 F.3d 944, 955-956 (8th Cir. 2003), under the peculiar facts of that case, the court held a Form 4868 satisfied the "written component" requirement of an informal claim. According to the court in Kaffenberger, the Form 4868, along with the other communications between the taxpayer and the IRS, provided the Commissioner sufficient notice that the taxpayer was claiming a credit to be applied to a subsequent year's tax liability.

In Khinda v. Commissioner, T.C. Memo. 1994-617, this Court stated that Form 4868 is based on the information available to the taxpayer when he sends it in, so that he may obtain an automatic extension of time in which to file an individual income tax return. The Form 4868 does not purport to be a claim for refund, the Court said. And unlike a Form 1040, the Form 4868 does not contain a line on which to enter an amount to be refunded, only a line on which to indicate the balance due.

The Court finds that, under the facts and circumstances of this case, the IRS could not have been expected to determine an overpayment of tax based only on the estimate of petitioner's income tax liability provided by him on the Form 4868.

In United States v. Kales, supra at 194, the taxpayer wrote to the IRS within the time allowed for filing a claim objecting to action by the IRS with respect to its determination of an overvaluation of stock in a previously filed return. She stated in her letter that if the IRS took the threatened action, she would show that the stock had been undervalued and she would claim a right to a refund. When the IRS nevertheless took the action complained of, the taxpayer filed a formal claim stated to be an "amendment" of the claim in her letter. The Court found that the IRS could not have been in doubt "that she was setting forth her right to a refund in the event" it took the action about which she complained. Id. at 195. Her letter was considered an informal claim for refund.

In contrast, in Martin v. United States, 833 F.2d 655 (7th Cir. 1987), the IRS proposed to determine a deficiency with respect to a previously filed estate tax return. The estate's representative sent the IRS a 37-page protest letter, on the last page of which there was a demand for a refund of tax. The court stated that to be considered an adequate informal claim, the writing must be "sufficient to apprise the IRS that a refund is sought and to focus attention on the merits of the dispute so that an examination of the claim may be commenced if the IRS wishes." Id. at 660. The court found that the letter did not qualify as an informal claim because the taxpayer failed to

specify why a refund was due, the demand was made before the issue of refund seemed ripe, and it failed to put the IRS on notice to conduct an administrative review.

Petitioner's letter of September 23, 2008, asks for additional time to file his 2005 and 2006 returns and states that he always receives refunds and he "knows that it will be the same" for the 2005 and 2006 tax years.

Petitioner's letter of September 23, 2008, was premature and unspecific. There was no "dispute" to which the attention of the IRS could have been drawn. Petitioner himself had not yet computed his tax liability. In addition, the Court finds that petitioner's letter "[failed] to satisfy the most basic requirement of a claim--advising the Commissioner that a refund [was] being sought." See Hollie v. Commissioner, 73 T.C. 1198, 1214 (1980) (and cases cited threat). The letter stated that petitioner "had always received refunds" and expresses the opinion that "it will be the same" for 2005; but a refund was not requested. The IRS is not required to use circumstantial evidence or to conduct an independent investigation to determine whether a taxpayer is asking for a refund.[1] Id. at 1215; see also Kuehn v. United States, 202 Ct. Cl. 473, 480 F.2d 1319, 1322 (1973).

---

[1]Petitioner's Form 4868 contains no information that would transform the Sept. 23, 2008, letter into an acceptable informal claim for refund.

A taxpayer seeking a refund in this Court, however, does not need to actually file a claim for refund with the IRS. He need only show that the tax to be refunded was paid during the applicable lookback period. Sec. 6512(b). In this case, the applicable lookback period is set forth in section 6512(b)(3)(B), which provides that this Court cannot award a refund of any overpaid taxes unless it first determines that the taxes were paid "within the period which would be applicable under section 6511(b)(2) * * * if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment".

Section 6512(b)(3)(B) treats delinquent filers of income tax returns less favorably than those who have filed timely. Whereas timely filers are most likely to have the opportunity to seek a refund in the event they are drawn into Tax Court litigation, a delinquent filer's entitlement to a refund in Tax Court depends on the date of the mailing of the notice of deficiency. Commissioner v. Lundy, 516 U.S. 235, 245 (1996). Section 6512(b)(3)(B) directs the Tax Court to measure the lookback period from the date on which the notice of deficiency is mailed and not the date on which the taxpayer actually files a claim for refund. Id. In the case of delinquent filers, section 6512(b)(3)(B) establishes only a 2-year lookback period, so the

delinquent filer is not assured the opportunity to seek a refund in this Court.  Id.  If the notice of deficiency is mailed more than 2 years after the taxes were paid, the Court lacks jurisdiction to award the taxpayer a refund.  Id.

Neither the amendment of section 6512(b)(3), effective for tax years that ended after August 5, 1997, nor its legislative history permits the Court to deviate in this case from the holding in Commissioner v. Lundy, supra at 245.  See Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1282(a) and (b), 111 Stat. 1037-1038; see also, e.g., H. Conf. Rept. 105-220, at 577-578 (1997), 1997-4 C.B. 1457, 2047-2048.  Because the notice of deficiency was not mailed to petitioner during the third year after the due date for filing the return, with extension, and no return was filed before the notice was sent, petitioner is not entitled to a 3-year lookback period.

Petitioner's 2005 withheld taxes are deemed to have been paid on April 15, 2006.  See sec. 6513(b)(1).  Because the notice of deficiency was mailed on October 26, 2009, more than 3 years after deemed payment of the withheld taxes, even the 3-year lookback period, were it available, would not help petitioner.[2]

---

[2]Petitioner's 2005 tax return filed on Feb. 1, 2010, is a claim for refund but was clearly not filed within 2 years from the time the tax was paid.  See secs. 6511(b)(2)(B), 6513(b)(1).

The Court sustains respondent's position that petitioner is not entitled to a refund of tax paid for 2005. See <u>Commissioner v. Lundy</u>, <u>supra</u> at 245.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.